```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           NEWNAN DIVISION

In re:                              :    Case No. 12-10763
                                    :
HLP GROUP, LLC.,                    :    Chapter 11
                                    :
     Debtor.                        :    Judge Drake
_____:_____
                                    :
HLP GROUP, LLC.,                    :
                                    :
     Movant,                        :
                                    :
v.                                  :    CONTESTED MATTER
                                    :
FIRST STATE BANK; UNITED STATES     :
SMALL BUSINESS ADMINISTRATION;      :
BRANCH BANKING AND TRUST COMPANY;   :
THE TROUP COUNTY, GEORGIA TAX       :
COMMISSIONER; and THE CITY OF       :
LAGRANGE, GEORGIA,                  :
                                    :
     Respondents                    :
_____:
```

SECOND MOTION TO AMEND CONSENT ORDER APPROVING SALE OF PROPERTY TO GOVAN HOSPITALITY, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO MAKE CERTAIN DISBURSEMENTS AT CLOSING, AND FOR RELATED RELIEF

COMES NOW HLP GROUP, LLC., the "Debtor" and "Movant" herein, and pursuant to §§ 105 and 363 of Title 11, United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") hereby files this "Second Motion To Amend Consent Order Approving Sale Of Property To Govan Hospitality, Inc. Free And Clear Of All Liens, Claims And Encumbrances, To Make Certain Disbursements At Closing, And For Related Relief" (the "Second Motion to Amend Sale Order").  As reflected herein, the Debtor seeks entry of a Court Order amending that certain Consent Order Approving Motion To Amend Consent Order Approving Amended Motion For Order Authorizing Sale Of Property To Govan, Inc. Free And Clear Of All

Liens, Claims And Encumbrances, To Make Certain Disbursements At Closing, And For Related Relief, And For Related Relief entered October 12, 2012 [Doc. No. 88] authorizing the sale of the Property[1] to Govan Hospitality, Inc., a Georgia corporation, and/or its assigns (the "Purchaser") free and clear of all liens, claims and encumbrances, with all valid liens, claims and encumbrances to attach to the sales proceeds.  In addition, Movant seeks Court authorization to make certain disbursements at closing and related relief.  In support of this Motion, the Movant respectfully shows the Court as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**INTRODUCTION AND BACKGROUND**

2.    On March 15, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").  The Debtor is operating as a debtor in possession under the authority of the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  No creditors committee has been appointed in this case.

3.    The Debtor was incorporated in year 2006 in order to acquire and operate an 80 guest room Holiday Inn Express Hotel located at 111 Hoffman Drive, LaGrange, Troup County, Georgia, which, together with all fixtures, furniture, equipment and other personal property of any kind used in connection

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the below defined Sale Motion.

therewith is hereinafter collectively referred to as the "Property". The Debtor's members (the "Members") and their respective ownership interests are as follows: Clayton A. Burton 25%, Hae Suk Burton 50%, Robert A. Engebretsen 12.5%, and Hyon N. Engebretsen 12.5%. Clayton A. Burton is the Manager.

4. Upon information and belief, the following parties assert liens in and to the Property:

   a. First State Bank ("FSB") asserts a claim in the amount of approximately $2,256,068.23 secured by 1st lien deed to secure debt in and to the Property;
   b. Small Business Administration, an Agency of the United States of America ("SBA") asserts a claim in the amount of approximately $1,445,142.94 secured by 2nd lien deed to secure debt in and to the Property;
   c. Branch Banking and Trust Company ("BB&T") asserts a claim in the amount of approximately $148,913.93 secured by 3rd lien deed to secure debt in and to the Property; and
   d. The City of LaGrange, Georgia asserts a claim in the amount of $50,694.54 for unpaid occupation taxes.

5. All referenced debt instruments are in default pre-Petition.

6. Upon information and belief, FSB obtained a post-Petition appraisal of the Property indicating that the fair market value is $2,950,000.00.

**COURT APPROVAL OF THE SALE OF THE PROPERTY**

7. On July 18, 2012, the Debtor filed its Amended Motion For Order Authorizing Sale Of Property To Govan, Inc. Free And Clear Of All Liens, Claims And Encumbrances, To Make Certain Disbursements At Closing, And For Related Relief [Doc. No. 62] (the "Sale Motion"). In the Sale Motion, the Debtor requested: (a) entry of an order approving the sale by the Debtor of the Property to Govan, Inc., a Georgia corporation, and/or its assigns (the "Purchaser"), for the gross sales price of $2,800,000.00, free and clear of all liens, claims and

3

encumbrances, with all valid liens, claims and encumbrances to attach to the sales proceeds; (b) approval of a proposed sale agreement between the Debtor and the Purchaser pursuant to the terms of the Purchase and Sale Agreement and the First Amendment thereto (together, the "Sales Contract") by and between the Debtor and the Purchaser; and (c) authorization for the Debtor to disburse the funds at closing as more particularly set forth in the Sale Motion.  The Court approved the Sale Motion at an expedited hearing upon due notice on July 19, 2012.  The Consent Order approving the sale of the Property by the Debtor to Govan, Inc.[2] pursuant to the Sale Motion was entered on July 25, 2012 [Doc. No. 66] (the "Sale Order").

8.    The Sale Order provides that any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect upon the Debtor's estate.  Debtor shall provide notice of any such modification, amendment, or supplement to respective counsel for the United States Trustee, FSB, SBA, BB&T, HHFI, and the City of LaGrange, Georgia.

9.    On October 12, 2012, the Debtor filed its Motion to amend the Sale Order [Doc. No. 76] (the "First Motion to Amend the Sale Order").  Pursuant to the First Motion to Amend the Sale Order, the Debtor sought Court approval of that certain Third Amendment To Purchase And Sale Agreement[3] by a between the Debtor and Govan Hospitality, Inc., a true and correct copy of which was attached to the First Motion to Amend the Sale Order.  As reflected in the First Motion to Amend the Sale Order, the Debtor and the Purchaser desired to amend the Sales Contract in certain

---

[2] Govan, Inc. subsequently assigned its interest in the sales contract to Govan Hospitality, Inc.

[3] There have been a total of 6 amendments to the sales contract. Only the Third and the Sixth amendments have been deemed material enough to require Court Order.  See paragraph number 13 of the Sale Order.

4

respects, including but not limited to reducing the gross purchase price from $2,800,000.00 to $2,600,000.00, extending the Due Diligence Period to October 10, 2012, and providing authorization for the Debtor to disburse the sales proceeds at closing as more particularly set forth therein.

10. The Court approved the First Motion to Amend the Sale Order at a hearing held on October 5, 2012. A Consent Order approving the First Motion to Amend the Sale Order was entered on October 12, 2013 [Doc. No. 88] (the "First Amended Sale Order").

11. Environmental concerns have subsequently been discovered on and/or about the Property. Accordingly, the Purchaser terminated the Sales Contract and requested refund of the Earnest Money. However, following negotiations the Purchaser has agreed to purchase the Property at the reduced purchase price of $2,300,000.00.

**PROPOSED SIXTH AMENDMENT TO PURCHASE AND SALE AGREEMENT**

12. Subject to bankruptcy Court approval, the Debtor and the Purchaser have executed that certain Sixth Amendment To Purchase And Sale Agreement, a true and correct copy of which is attached hereto as Exhibit "A", pursuant to which the Debtor and the Purchaser desire to amend the Sales Contract in the following respects:
   a. Reduce the gross Purchase Price from $2,600,000.00 to $2,300,000.00;
   b. Provide that the Debtor has not entered into any written or verbal agreement with Plantation Pipeline Company (an adjacent property owner), Atlanta Gas Light Company or any other party with respect to: (i) environmental conditions or contamination of the Real Property and/or the Hotel, (ii) any monitoring wells located on the Real Property;
   c. Provide that closing shall be held on or before March 20, 2013; and
   d. Provide that Purchaser's obligations shall be contingent and specifically conditioned upon the following matters:
      i. Purchaser must obtain a loan commitment upon terms

    satisfactory to the Purchaser for an SBA loan. Purchaser agrees to use its best efforts to secure such commitment and immediately to advise Seller upon receipt of lender's commitment or refusal to commit. Upon its inability to obtain financing as described above, and before 5:00 pm Eastern Standard Time on March 1, 2013, Purchaser may terminate this Agreement for failure to obtain the necessary financing and shall do so by delivering to Seller written notice of termination. If Purchaser timely delivers such notice, this Agreement shall be null and void and all Earnest Money shall be refunded to Purchaser. If Purchaser fails timely to deliver such notice by 5:00 pm Eastern Standard Time on March 1, 2013, then the Earnest Money shall be nonrefundable to the Purchaser in the event that the Purchaser terminates this Agreement for failure to obtain the necessary financing prior to March 20, 2013.

  ii. Purchaser's receipt of a fully executed Franchise Agreement from IHG granting Purchaser a license to operate the Hotel as a Holiday Inn Express. In the event that Purchaser is unable to obtain said Franchise Agreement, and before 5:00 pm Eastern Standard Time on March 1, 2013, Purchaser may terminate this Agreement for failure to obtain said Franchise Agreement and shall do so by delivering to Seller written notice of termination.  If Purchaser timely delivers such notice, this Agreement shall be null and void and all Earnest Money shall be refunded to Purchaser. If Purchaser fails timely to deliver such notice by 5:00 pm Eastern Standard Time on March 1, 2013, then the Earnest Money shall be nonrefundable to the Purchaser in the event that the Purchaser terminates this Agreement for failure to obtain such Franchise Agreement.

  iii. Purchaser's receipt of an amended Order from the United States Bankruptcy Court approving the sale in accordance with the terms of this Amendment.  In the event that Purchaser has not received said Order by

> March 20, 2013, Purchaser may terminate this Agreement for failure to obtain said Order and shall do so by delivering to Seller written notice of termination whereupon this Agreement shall be null and void and all Earnest Money shall be refunded to Purchaser.

**RELIEF REQUESTED**

13. The Debtor seeks entry of an Order approving the Sixth Amendment To Purchase And Sale Agreement and amending the First Amended Sale Order accordingly. The Debtor further requests authority to pay the proceeds of the sale (the "Sales Proceeds") at Closing as follows:

a. All usual and customary closing costs in the estimated amount of $7,500.00;
b. $69,000.00 to the Broker representing the transaction fee due in the amount of 3% of the gross sales price;
c. Real and personal property taxes, interest and penalty due for year 2012, plus pro-rated taxes for year 2013, in the estimated aggregate amount of $34,000.00;
d. $50,000.00 to The City of LaGrange, Georgia in satisfaction of pre-Petition occupation taxes;
e. $75,000.00 to the SBA in reduction of its 2nd priority secured mortgage claim;
f. $20,000.00 to BB&T in reduction of its 3rd priority secured mortgage claim; and
g. The remaining net proceeds shall be paid to FSB in reduction of its 1st priority secured mortgage claim. The Debtor estimates but does not warrant that the sales proceeds to be paid to FSB at Closing will be in the approximate amount of $2,044,500.00.

**BASIS FOR RELIEF**

14. Section 363 of the Bankruptcy Code authorizes a debtor in possession "after notice and a hearing . . . to use, sell, or lease other than in the ordinary course of business, property of

7

the estate." 11 U.S.C. § 363(b)(1).  Section 105 of the Bankruptcy Code grants to the Court the authority to "issue any order, process or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. The Debtor requests that the Court authorize the sale of the Property free and clear of all liens, claims, encumbrances and interests, with all liens, claims, encumbrances and interests to attach to the Sales Proceeds in the same amount, validity and priority as they attached to the Property as would otherwise exist.

16. Section 363(f) of the Bankruptcy Code allows a sale to proceed free and clear of liens, only if –

(a) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(b) such entity consents;

(c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d) such interest is in bona fide dispute; or

(e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

17. Here, the price at which the Property is to be sold is less than the aggregate value of all liens on the Property. Debtor states that, upon information and belief, the lienholders have approved the sale of the Property on the terms disclosed herein.

**A FINDING THAT THE SALE IS IN GOOD FAITH**

18. The Debtor states that upon information and belief made after reasonable inquiry, neither the Purchaser nor the Purchaser's broker have a pre-existing connection with the Debtor or its Members, their creditors, or any other party in interest herein, their attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and the Purchaser represents no interest adverse

to the estates.

19. The Debtor has attempted to sell the Property for some time and has received no viable offers other than the Sales Contract as amended by the Sixth Amendment To Purchase And Sale Agreement (the "Sixth Amended Sales Contract"). The Debtor submits that the Sixth Amended Sales Contract represents a fair offer for the Property.

20. The Debtor believes and asserts that: (a) the sale of the Property pursuant to this Motion is in the best interests of the creditors and the estate, (b) the purchase price represents the fair market value of the Property, and (c) the proposed sale will provide the most efficient, effective and appropriate disposition of the Property, and will avoid continuing costs, risks, and possible deterioration and diminution in value.

21. The Debtor requests that Federal Rule of Bankruptcy Procedure 6004(g) be waived so that the Movant may immediately implement and enforce any Order approving this Motion upon its entry with the Clerk of Bankruptcy Court.

22. The Debtor requests the protections afforded to a purchaser with regard to sale transactions under §363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization to an entity that purchased or leased the property in good faith does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith finding involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. In re Abbott Dairies of Pa., Inc., 788 F.2d 143, 147 (3rd Cir. 1986). The Debtor submits that the Debtor and the Purchaser have proceeded in good faith. Therefore, the sale is entitled to the protections of § 363(m) of the Bankruptcy Code.

23. The sale is contingent upon approval by the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code and Rules.

24. The Debtor requests that any Order granting this Motion

shall (i) survive entry of any Order dismissing this case or converting this case to Chapter 7; and (ii) be binding on any successor Chapter 11 or Chapter 7 Trustee.

### NOTICE AND FILING OF OBJECTIONS

25. The Debtor proposes to provide notice of this Motion to the Office of the United States Trustee, respective counsel for the United States Trustee, FSB, SBA, BB&T, HHFI, the City of LaGrange, Georgia, and the Purchaser, any entity who formally appears and requests service in either bankruptcy case pursuant to Bankruptcy Rule 2002, and any party directly affected by the proposed sale of the Property whether by facsimile, electronic mail or regular U.S. mail. The Debtor submits that no further notice need be given or service need be made.

WHEREFORE, the Debtor prays that this Motion be filed, read, and considered and that the Court grant the relief moved for hereinabove and such other relief as the Court deems appropriate.

Prepared and submitted by,
PAUL REECE MARR, P.C.
Attorneys for Debtor

 /s/ Paul Reece Marr
Paul Reece Marr
GA Bar #471230
Suite 960
300 Galleria Parkway
Atlanta, GA 30339
770/984-2255

-10-

```
              UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF GEORGIA
                     NEWNAN DIVISION
```

| | | |
|---|---|---|
| In re: | : | Case No. 12-10763 |
| | : | |
| HLP GROUP, LLC., | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge Drake |
| _____ | :_____ | |
| | : | |
| HLP GROUP, LLC., | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| FIRST STATE BANK; UNITED STATES | : | |
| SMALL BUSINESS ADMINISTRATION; | : | |
| BRANCH BANKING AND TRUST COMPANY; | : | |
| THE TROUP COUNTY, GEORGIA TAX | : | |
| COMMISSIONER; and THE CITY OF | : | |
| LAGRANGE, GEORGIA, | : | |
| | : | |
| Respondents | : | |
| _____ | : | |

## CERTIFICATE OF SERVICE

I, Paul Reece Marr, certify that I am over the age of 18 and that on the below referenced date I served a copy of the attached SECOND MOTION TO AMEND CONSENT ORDER APPROVING SALE OF PROPERTY TO GOVAN HOSPITALITY, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO MAKE CERTAIN DISBURSEMENTS AT CLOSING, AND FOR RELATED RELIEF by first class U.S. Mail, with adequate postage prepaid on the following parties at the addresses stated on the attached list:

[See attached list]

This the 23rd day of February, 2013.

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230

Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770/984-2255

R. Jeneane Treace
Office of the U.S. Trustee
362 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
jeneane.treace@usdoj.gov

Jacquelyn Louise Kneidel
Mann & Wooldridge
PO Box 310
Newnan, GA 30264
jkneidel@mw-law.net

Lawrence R. Landry
Suite 325
6000 Lake Forrest Drive, NW
Atlanta, GA 30328
lrl@quirklaw.com

Sage M. Sigler
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
sage.sigler@alston.com

First State Bank
Attn: Mary Ellen Moore
P.O. Box 733
Union City, TN 38261
mmoore@first-state.net

U.S. Small Business Administration
Attn: Mona M. Keith, District Counsel
233 Peachtree Street
Suite 1900
Atlanta, GA 30303
Mona.Keith@sba.gov

U.S. Small Business Administration
c/o CSRA Local Development Corporation
Randy Griffin, President
3023 River Watch Pkwy; Suite A
Augusta, GA 30907
rgriffin@csrardc.org

Branch Banking and Trust Company
Brian Henley
BB&T Special Assets Bankruptcy Section
Mailcode 100-50-01-51
P.O. Box 1847
Wilson, NC 27894-1847
BHenley@BBandT.com

City of LaGrange
c/o Jeffrey M. Todd, Esq.
Lewis, Taylor & Todd, P.C.
Post Office Drawer 1027
Lagrange, GA 30241
jtodd@lagrange-ga.org

Jones Lang LaSalle Hotels
Chris Dewey
3344 Peachtree Road NE
Suite 1200
Atlanta, GA 30326
Chris.Dewey@am.jll.com

Thornton & Graham, P.C.
Heather W. Graham, Esq.
200 Church Street
LaGrange, GA 30240
heather@gtlawfirm.com